(Surrogate's Court, Rensselaer County. January, 1908.)

1. EXECUTORS—ACTIONS—LIMITATIONS—CLAIMS AGAINST DECEDENT'S ESTATE.
   Though an executor has received a claim against the estate, which is never affirmatively accepted or rejected by him, it does not stop the running of limitations.

2. LIMITATION OF ACTIONS—PARTIAL PAYMENTS.
   That an assignee for the benefit of creditors of a surviving partner made a payment on a firm note after the death of one partner will not prevent the running of limitations in favor of the estate of the decedent.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 626.]

3. EXECUTORS—ACTIONS—LIMITATION OF ACTIONS—RUNNING OF STATUTE—STAY.
   Where a member of a firm dies, and the surviving partner becomes insolvent and makes an assignment for the benefit of creditors, the holder of a firm note may proceed against the estate of decedent without first bringing an action against the survivor; and so in such case the running of limitations in favor of decedent's estate is not stayed.

In the matter of the estate of Philip H. Neher. Application by an alleged creditor of decedent for payment of his claim. Petition dismissed.

Samuel Foster, for petitioner.
Douglas & Gordon, for executor.

HEATON, S. Application under section 2722, Code of Civil Procedure, by an alleged creditor of Neher, deceased, for the payment of its claim. The executor of Neher files a verified answer setting forth facts which he claims shows conclusively that the claimant is not a creditor of Neher, and asks to have the petition dismissed. The facts are conceded, and hence only questions of law arise.

First. Does the receipt and retention by the executor of a claim against an estate establish such claim as a debt against such estate and immediately suspend for all time the running of the statute of limitations? It is conceded that Neher died in June, 1892; that letters were granted July 19, 1892; that these claims were presented to the executors in December, 1895; that they never affirmatively accepted or rejected such claims; and that, for the purposes of this motion, at that time such claims, in whole or in part, were a valid indebtedness against such estate—the petitioner claiming, however, that it had at that time no right of action against such estate by reason of facts which will hereafter be considered. This question has recently been discussed by Surrogate Ostrander of Saratoga in the case of Matter of Van Voorhees, 55 Misc. Rep. 185, 106 N. Y. Supp. 354, where he held that such receipt and retention was not a legal agreement to pay the claim, did not prevent the running of the statute of limitations against it, and that the petition should be dismissed.

Second. But there are other facts in the case at bar to be considered. Before June, 1892, the deceased, Neher, and the executor, Carpenter, were copartners in business in Troy. Thereafter Carpenter

filed his certificate and carried on the business individually until May, 1893, when he made a general assignment, both as surviving partner and individually, for the benefit of the creditors of Neher & Carpenter and of himself individually. The claim of the petitioner is based upon certain loans made upon promissory notes as collateral and indorsed by said firm, as follows:  A loan made January 28, 1892, upon the Menage notes as collateral, and a loan on the Bridges note due May 11, 1892.  This proceeding was begun in July, 1907, so it is apparent that 14 years or more have elapsed from the date of maturity of these obligations to the date of taking proceedings to enforce them, and that the statute of limitations has apparently run against the debt and the remedy.  But petitioner claims that certain payments made by the assignee for the benefit of the creditors upon these claims which were proved before him have renewed the obligations as against the estate of Neher and have prevented the bar of the statute.  It is conceded that two such payments were made, one May 30, 1900, and the other December 22, 1906.  It is urged by the executor that such payments made by the official assignee of Neher & Carpenter and of Carpenter cannot keep such claims alive as against the estate of Neher, and that each of them was made at periods between which the complete length of the statute had run, and that in no event does a payment made after the statute has run renew an obligation already barred.  It is well settled that a representative cannot, by payment or acknowledgment made after the bar of the statute has become absolute, renew a debt.  Heaton on Surrogates' Courts, par. 783, and cases cited.  This same rule applies to a surviving partner and the estate of a deceased partner, and to a case of an assignee for the benefit of creditors and his assignor. Bloodgood v. Bruen, 8 N. Y. 362; Pickett v. Leonard, 34 N. Y. 175–178.  It has been further held that part payment by an assignee for the benefit of creditors does not renew an existing indebtedness, since he has no power to bind his assignor, but is merely an executive officer of the court.  Pickett v. Leonard, supra; Murdock v. Waterman, 145 N. Y. 64, 39 N. E. 829, 27 L. R. A. 418.  Even part payment by the surviving partner will not prevent the running of the statute in favor of the estate of a deceased partner.  Lane v. Doty, 4 Barb. 530, 541.

Third.  The claimant further urges that the statute has not run as between it and the Neher estate, because its right of action did not accrue against the estate of Neher, the deceased partner, until the firm assets had been administered upon and finally distributed by the assignee, which was December 22, 1906.  The undoubted rule is that, in case of the death of one partner, the creditor must exhaust his remedy against the surviving partner, who is by law vested with the legal title to all partnership assets, before he can proceed against the estate of the deceased partner.  Richter v. Poppenhausen, 42 N. Y. 373.  If, however, such surviving partner be insolvent, he can proceed against the estate of the deceased partner without first bringing an action against the survivor.  Pope v. Cole, 55 N. Y. 124, 14 Am. Rep. 198.  Obtaining judgment and return of execution nulla bona exhausts the legal remedy.  Leggat v. Leggat, 79 App. Div. 141, 80 N. Y. Supp. 327, affirmed 176 N. Y. 590, 68 N. E. 1119.  An action

will not lie until the inability of the surviving partner to pay has been legally ascertained or clearly shown. Tracy v. Suydam, 30 Barb. 110. It is necessary that there shall be some well-defined point of time when the statute begins to run for the protection of both the claimant and the estate. It cannot be that obtaining judgment and issuing execution against the survivor is the only means of fixing that point.; for a creditor might, as in this case, allow the statute to run in favor of the survivor, so that he could never obtain such judgment, or he might not during the six years make any effort to ascertain whether or not the survivor was solvent, and so prevent the settlement and distribution of the estate an unreasonable time. Manifestly no rule ought to be adopted which would put it within the power of the creditor alone to postpone the running of the statute. The fact that in cases like this due diligence is required in trying to make collection from the person primarily liable before resort can be had to the person or estate secondarily liable furnishes no reason for saying that the operation of the statute of limitations is suspended. Here the surviving partner became insolvent in May, 1893, and the creditor waits 14 years before seeking to obtain payment from the estate of the deceased partner. It has not sought to enforce its rights with the diligence that the law requires for the protection of other interested persons, and so such rights have been lost. The statute of limitations has run against the debt and the remedy.

Petition dismissed.