(84 Misc. Rep. 201)

PEOPLE ex rel. SIMONS et al. v. DOWLING et al.

SAME v. BARKER et al.

(Supreme Court, Special Term, Onondaga County. February, 1914.)

1. HIGHWAYS (§ 77*)—PROCEEDINGS TO CLOSE—FILING AND RECORDING PAPERS.

   Under the express provisions of Highway Law (Consol. Laws, c. 25) § 191, all papers in a proceeding by town officers to close highways, consisting of the application, consent of the town board, release from damages, and order of the town superintendent, must be recorded as well as filed in the town clerk's office; it being insufficient to record only the release and file the other papers.

   [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 263–276; Dec. Dig. § 77.*]

2. CERTIORARI (§ 40*)—TIME OF TAKING PROCEEDINGS—PROCEEDINGS TO CLOSE HIGHWAYS.

   The four months within which a writ of certiorari may be applied for under Code Civ. Proc. § 2125, begins to run, where the object of the writ is to review proceedings closing a town highway, from the time the filing

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and recording of all papers in the highway proceedings is completed pursuant to Highway Law, § 191.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 58; Dec. Dig. § 40.*]

**3. RECORDS (§ 6*)—"RECORD"—ESSENTIALS.**

A "record" of a written instrument, the object of which is not only perpetuity but publicity, implies an actual transcription by the proper officer, and not a mere leaving of the paper with him for record.

[Ed. Note.—For other cases, see Records, Cent. Dig. § 7; Dec. Dig. § 6.*

For other definitions, see Words and Phrases, vol. 7, pp. 6008–6014; vol. 8, p. 7781.]

**4. CERTIORARI (§ 41*)—TIME OF TAKING PROCEEDINGS—LACHES.**

A mere delay of 11 months, in applying for a writ of certiorari to review proceedings closing a town highway, will not require denial of the writ on the ground of laches.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 59; Dec. Dig. § 41.*]

Two writs of certiorari to review proceedings closing certain highways, both by the People of the State of New York, on the relation of George G. Simons and another—one against Walter J. Dowling and others, individually and as members of the town board of the Town of Redfield, and another, the other against Albert S. Barker and others, individually and as members of the town board of the Town of Orwell, and another. Motions to quash writs denied.

Strebel, Corey, Tubbs & Beals, of Buffalo, and Henry D. Coville, of Central Square, for the motion.

Davies, Johnson & Wilkinson, of Camden, opposed.

ANDREWS, J. The object of these writs is to review proceedings of the town officers of Orwell and Redfield, Oswego county, N. Y., in closing certain highways in said towns.

Section 2125 of the Code of Civil Procedure provides that, subject to certain limitations not material here:

"A writ of certiorari to review a determination must be granted and served, within four calendar months after the determination to be reviewed becomes final and binding, upon the relator, or the person whom he represents, either in law or in fact."

[1] Section 191 of the Highway Law provides that a town superintendent of highways may—

"upon written application and with the written consent of the town board, make an order laying out or altering a highway, or discontinuing a highway, which has become useless since it was laid out, upon filing and recording in the town clerk's office, with such application, consent and order, a release from all damages from the owners of lands taken or affected thereby. * * * An order of the town superintendent, as herein provided, shall be final."

[2] The papers to be filed and recorded with the town clerk are the release and application, consent and order. It is not enough to file the three latter papers and record the former. The four months within which the writ of certiorari may be applied for begins to run from the time such filing and recording is completed.

[3] In the cases at bar these papers were not recorded. They were

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

left with the town clerks, and were retained by them; such originals constituting, as they claim, the record. But this is not so. More than mere filing is required. A record implies an actual transcription by the official. The object is not only to give the instrument perpetuity but publicity.

Nor does leaving the papers with the clerks for record comply with the statute. There must be an actual record before the order becomes final.

An examination of the case and exceptions in People ex rel. Dinsmore v. Vandewater, 83 App. Div. 54–60, 82 N. Y. Supp. 627, will show that these precise questions were raised and decided in the Second Department. In the Court of Appeals (176 N. Y. 500, 68 N. E. 876) there was a reversal for other reasons. But though these questions were there also discussed upon the brief, no criticism was made in that court as to the conclusion of the court below.

Therefore the fact that these orders were made and filed on November 30, 1912, and that this proceeding was not begun until October 18, 1913, constitutes no ground for quashing the writ.

[4] Nor can I hold that the writ should be quashed because of any alleged laches on the part of the relator. At the time the orders were filed, or within a few days thereafter, the relator knew of the action which had been taken. But the mere delay of 11 months of an application for the writ has never, so far as I know, been held sufficient to justify its denial.

It may well be, however, that such a delay, coupled with such acts as would lead the defendant to believe that any adverse claims were abandoned, or even a failure to act if it led to such belief, and the fact that the defendant in reliance upon such action or nonaction had expended money or had put itself in a position which it would not have otherwise assumed, and which would cause loss to it if the writ were granted, would be sufficient to lead the court to refuse action. But in this case there seems to be no such condition of affairs. The relator at the time the orders of the town superintendents were given asserted what he claimed to be his rights. He claimed then, and has always claimed, to be the owner of land affected by the proposed action with regard to the highways in question, and the defendants did whatever was done by them knowing all the facts, not relying on any supposed waiver or consent on the part of the plaintiff, but assuming that the Salmon River Power Company had the legal title to the lands to which the plaintiff laid claim.

The question as to whether the plaintiff is the actual owner of the land claimed by him, and as to the effect of the deed executed by him, may be more properly considered after the return to the writ of certiorari has been made.

The motions to quash the two writs are hereby denied, with $10 costs in each case.

The time to make returns thereto is extended until 20 days after the filing of the orders denying the motions to quash the writs.

Ordered accordingly.