251 P.2d 893

**MATHEWS v. PYLE, Governor.**

No. 5600.

Supreme Court of Arizona.

Dec. 29, 1952.

Conner & Jones, of Tucson, for appellant.

Fred O. Wilson, Atty. Gen., Perry M. Ling, Chief Asst. Atty. Gen., and Charles C. Stidham, Asst. Atty. Gen., for appellee.

PHELPS, Justice.

This is an appeal from a judgment of the superior court dismissing the petition for mandamus filed by William R. Mathews, editor of the Arizona Daily Star, against Honorable Dan E. Garvey as Governor of the state, seeking the right to inspect certain documents in the Governor's office. With a change in administration the Honorable Howard Pyle, the present Governor, was substituted as party defendant and adopted the answer of his predecessor.

The facts are that Governor Garvey called upon the Attorney General to make an investigation of the affairs of the office of State Land Commissioner, O. C. Williams, and report to him the result of such investigation. The Attorney General complied with the request and furnished the information in writing to Governor Garvey. The petitioner, according to defendant's answer, has heretofore been given access to, and published, the report but failed to obtain a view of certain other documents in connection therewith, to the inspection of which he claims to be entitled.

The petitioner claims that these matters are public records and are subject to inspection by the public, and especially that as an editor of a daily newspaper he has an interest which entitles him to an inspection thereof in the performance of his duties to

the public as such publisher. The Governor in his answer thereto denies that the report and accompanying documents are public records and denies that the editor of a newspaper has any special interest in inspecting the documents which entitles him to any, or greater right, than that possessed by other members of society. The Governor further claims that the letter and supplemental documents sought by petitioner are confidenial in nature; that it would be detrimental to the best interest of the state to permit a public inspection of their contents and therefore they should not be open to the inspection of the public at large. He further alleges that as the Governor of the state the duty devolves upon him to determine what information reaching him in his official capacity shall be made public, and that he has determined that such documents contain confidential information and the publication of the contents thereof would not be to the best interest of the state. His position is that the Governor's determination is final and not subject to review by the courts.

The statutes upon which petitioner relies are section 4-102, A.C.A.1939, which reads as follows:

"Records to be kept.—The governor shall keep a record of his official acts; an account of his official expenses and disbursements, including the incidental expenses of his department; a register of all appointments made by him, with date of commission, names of the appointee and predecessor, and shall keep in his office *all documents received by him in his official capacity*." (Emphasis supplied.)

Section 12-412, A.C.A.1939, provides insofar as pertinent here:

"Records open to public— * * * Public records and *other matters* in the office of any officer are at all times during office hours open to the inspection of any person. * * *" (Emphasis supplied.)

█ A public record is defined as follows:

"A public record, strictly speaking, is one made by a public officer in pursuance of a duty, the immediate purpose of which is to disseminate information to the public, or to serve as a memorial of official transactions for public reference."

State ex rel. Romsa v. Grace, 43 Wyo. 454, 5 P.2d 301–303; People ex rel. Stenstrom v. Harnett, 131 Misc. 75, 226 N.Y.S. 338–341; People v. Purcell, 22 Cal.App.2d 126, 70 P.2d 706. Also a record is a "public record" which is required by law to be kept, or necessary to be kept in the discharge of a duty imposed by law or directed by law to serve as a memorial and evidence of something written, said or done. Robison v. Fishback, 175 Ind. 132, 93 N.E. 666–669, L.R.A. 1917B, 1179; Amos v. Gunn, 84 Fla. 285, 94 So. 615–634; Steiner v. Mcmillan, 59 Mont. 30, 195 P. 836–837. It

has also been held that a written record of transactions of a public officer in his office, which is a convenient and appropriate method of discharging his duties, and is kept by him as such, whether required by express provisions of law or not, is admissible as a public record. People v. Purcell, supra, and State v. Ewert, 52 S.D. 619, 219 N.W. 817–826.

■ It will be observed that section 4–102, supra, provides that the Governor shall keep a record of his official acts and certain other things. Under the definition above given that a record which the law requires to be made is a public record, the official acts of the Governor and accounting of his official expenses and disbursements including incidental expenses of his department, and a register of appointments made by him, etc., are public records. This section also says that the Governor "shall keep in his office all documents received by him in his official capacity." It is said in People ex rel. Simons v. Dowling, 84 Misc. 201, 146 N.Y.S. 919, at page 921, that:

"* * * A record implies an actual transcription by the official. The object is not only to give the instrument perpetuity but publicity."

It is also a well-established rule of law that any instrument which the statute requires to be filed in a public office is admissible in evidence as a public record but where the law requires such filing it also usually requires that the material portions thereof as to identity of persons involved, property transferred, purchase price, liens, etc., be transcribed in a record book kept for that purpose.

■ We believe the first part of section 4–102, supra, clearly requires transcription to a permanent record of the expense account, appointments, etc., of the Governor, while the latter part of the section relating to documents does not even require that such documents be filed. It merely provides that they shall be kept in the office without prescribing in what manner they shall be kept.

■ It seems to us that the legislature intended to make a distinction between those acts recited in the first part of the section—"The governor shall keep a record * * *"—and those in the second part of the section concerning the "documents received by him in his official capacity" which are required to be kept in his office. We are of the opinion that the latter were not intended by the legislature to be classified as public records.

■ When we come, however, to section 12–412, A.C.A.1939, providing that public records *and other matters* in the office of any officer are at all times during office hours open to inspection of any person, the question arises of what may be included in "other matters". The California court in the case of Runyon v. Board of Prison Terms and Paroles, 26 Cal.App.2d 183, 79

P.2d 101, says in part (the California statute is practically identical with ours):

" * * * and although it has been held that the use therein of the words 'other matters' operates to extend, in a certain class of cases, the right of access to documents which are not required by law to be filed as public records, but which relate to matters essential to the general welfare of taxpayers, such for example as matters of taxation, revenue, and the proceedings for the carrying out of governmental projects at public expense (citing cases) the courts have consistently declared that in another class of cases public policy demands that certain communications and documents shall be treated as confidential and therefore are not open to indiscriminate inspection, notwithstanding that they are in the custody of a public officer or board and are of a public nature * * *." See also City & County of San Francisco v. Superior Court, 38 Cal.2d 156, 238 P.2d 581.

It is our view that we may reasonably conclude that the documents received by the Governor in his official capacity were not intended to be classified by the legislature as public records, but they may fall within the classification of "other matters", in section 12-412, supra, and therefore subject to inspection by an interested citizen unless they are confidential or of such a nature that it would be against the best interests of the state to permit a disclosure of their contents.

The documents in question in this case are not a part of any report which the law requires the Attorney General to make at stated periods. The Governor, however, had the authority to demand of the Attorney General that he make an investigation of the affairs of the State Land Office and report on the matter to him. There are a number of jurisdictions that have had the question before them of whether such a report based upon an investigation is subject to inspection by an interested citizen. They have quite uniformly held that such reports are not subject to inspection by any citizen, first, because it is based upon hearsay statements obtained from others and consists in a large measure of the opinion, conclusion or judgment of the investigator; Steel v. Johnson, 9 Wash.2d 347, 115 P.2d 145; and secondly, upon the ground that if it is confidential or if it would be detrimental to the best interests of the state, that it will not be permitted to be opened to public inspection or to the inspection of any individual.

Certainly this court will not go so far as to approve the position of the Attorney General that the Governor of the state is the sole judge as to what information regarding the affairs of his office should be made public. This, we believe, is inconsistent with all principles of Democratic

Government. Nowack v. Fuller, 243 Mich. 200, 219 N.W. 749, 60 A.L.R. 1351. The Governor should be given the authority to deny in the first instance the right of inspection if he thinks that the document is privileged or confidential, or if he thinks that it would be detrimental to the interests of the state to permit its contents to be known either to newspaper editors or other citizens but under no circumstances should his determination be final. It rests within the jurisdiction of the courts of the state to determine these questions.

■ To arrive at the conclusion and judgment reached by the trial court in this case, based on a motion to dismiss, it had to assume as an established fact that the documents involved were either confidential and therefore privileged or that the disclosure of their contents would be detrimental to the best interests of the state or it had to hold that the Governor is the sole and final judge of those questions. We have above stated that we cannot sustain the latter position and of course a court may not assume facts upon which to base its judgment.

The case is therefore reversed and remanded with instructions to reinstate the petition and to require the supplemental documents and letter in question to be produced in court for the private examination of the trial judge in order that the court may determine whether such letter and supplemental documents are confidential and privileged or whether their disclosure would be detrimental to the best interests of the state. In no other way can such questions be determined.

Such supplemental documents and letter, after examination by the trial judge, should be ordered placed in an envelope under seal of the court with a proviso that such seal shall not be broken or the envelope opened by any unauthorized person but that the same shall be properly identified and held by the clerk of the court as a confidential record until further order of either the trial court or supreme court.

If the trial court in the exercise of a sound discretion shall determine that such documents and letter or either of them are confidential or that an inspection thereof by the public would be detrimental to the best interests of the state the court should deny their inspection by the petitioner. On the other hand if it should determine that such documents and letter are not confidential or that a disclosure of their contents would not be detrimental to the best interests of the state the court should not hesitate to enter its order permitting their inspection and a disclosure of their contents.

Judgment reversed and remanded with instructions as hereinabove outlined.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concur.