Public Records — Lunch, Milk Fund Claims State law requiring the records being kept for 5 years applies to lunch and milk fund claim records even though the same concerns itself with Federal money only. The Attorney General has under consideration your letter dated January 3, 1968, wherein you request an official opinion on the following question: Does the State law requiring all records being kept for five years apply to our lunch and milk fund claim records which apply totally to Federal money only? The rules and regulations of the Secretary of Agriculture of the United States, Title 7, Chapter 2, Section 215.7, (e), (4), found in the Federal register, Vol. 32, No. 169, page 12589, dated Thursday, August 31, 1967, requires the retention of records for a period of three years after the end of the fiscal year to which they pertain, regarding lunch and milk fund claim records. 74 O.S. 565 [74-565] (1961). Section 74 O.S. 565 [74-565] (1961), provides: "Every State officer and the heads of all departments, boards, commissions, agencies and institutions of the State of Oklahoma who have in their custody public records and archives deemed by them to be unnecessary for the transaction of the business of their offices shall consult with the State Librarian for the purpose of determining if such records and archives are desired for deposit in the archives division of the Oklahoma State Library. Upon certification by the State Librarian that such records and archives are or are not desired for such purpose then such custodian shall in conformity with such determination, apply to the Commission for authorization to destroy or transfer such records and archives to the Oklahoma State Library as hereinafter provided. Upon the filing of such application the Commission shall have authority to authorize or direct the disposition of such records and archives by any one or more of the following methods: 1. By destruction; provided that no records and archives less than five (5) years old shall be destroyed. 2. By transfer to the custody and control of the Oklahoma State Library and there retained. The State Librarian may, in his discretion, microfilm such records and archives, especially if so doing would aid in the preservation of their contents. 3. By transfer to the Oklahoma State Library with authorization to the State Librarian to micro-film said records and archives and upon the completion of this process to destroy said records and archives in accordance with the order of the Commission. Records and archives transferred to the Oklahoma State Library shall never be returned to their former custody except by order of the Commission and written consent of the State Librarian. Laws 1947, p. 616, Section 2. (Emphasis added) A "public record", strictly speaking, is one made by a public officer in pursuance of a duty, the immediate purpose of which is to disseminate information to the public, or to serve as a memorial of official transactions for public reference. People v. Olson,42 Cal.Rptr. 760, 764, 765, 232 C.A.2d 480; Mathews v. Pyle,251 P.2d 893, 895, 896, 75 Ariz. 76; State ex rel. Kavanaugh v. Henderson, 169 S.W.2d 389, 392, 350 Mo. 9 68; Griffiths v. Sanity Dist. of Chicago, 174 Ill. App. 100. 74 O.S. 565 [74-565] (1961), makes no distinction as to the type of public records to be kept as provided therein. Authorization to destroy or transfer such records are clearly set forth, and no other procedure is authorized. It is well established that officers of government can only exercise powers conferred upon them by law. In this regard see Lingo-Leeper Lumber Co. v. Carter, 161 Okl. S, 17 P.2d 365 (1932). It is the opinion of the Attorney General that State law requiring the records being kept for five years applies to lunch and milk fund claim records even though the same concerns itself with Federal money only. (W. Howard O'Bryan)