SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| DAVID LAKE, | ) Arizona Supreme Court |
| | ) No. CV-09-0036-PR |
| Plaintiff/Appellant, | ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) No. 1 CA-CV 07-0415 |
| CITY OF PHOENIX, a political | ) |
| subdivision of the State of | ) Maricopa County |
| Arizona; FRANK FAIRBANKS, in his | ) Superior Court |
| official capacity; MARIO | ) No. LC 2006-000835-001 DT |
| PANIAGUA, in his official | ) |
| capacity; JACK HARRIS, in his | ) |
| official capacity, | ) |
| | ) **O P I N I O N** |
| Defendants/Appellees. | ) |
| | ) |

Appeal from the Superior Court in Maricopa County
The Honorable Michael D. Jones, Judge

**VACATED AND REMANDED**

_____

Opinion of the Court of Appeals, Division One
220 Ariz. 472, 207 P.3d 725 (App. 2009)

**VACATED IN PART**

_____

YEN PILCH KOMADINA & FLEMMING, P.C.                          Phoenix
      By   Caroline A. Pilch
           Neil Landeen
Attorneys for David Lake

GARY VERBURG, PHOENIX CITY ATTORNEY                          Phoenix
      By   Sandra Hunter, Assistant City Attorney
Attorney for City of Phoenix, Frank Fairbanks,
Mario Paniagua, and Jack Harris

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                      Phoenix
      By   Paula S. Bickett, Chief Counsel
           Civil Appeals Section
Attorneys for Amicus Curiae State of Arizona

1

PERKINS COIE BROWN & BAIN P.A.                            Phoenix
    By   Daniel C. Barr
       K. McKay Worthington
       Christopher M. Schultz
       Elizabeth J. Kruschek
Attorneys for Amici Curiae First Amendment Coalition
of Arizona, Inc., Society of Professional Journalists,
and Arizona Newspapers Association

STEPTOE & JOHNSON LLP                                     Phoenix
    By   David J. Bodney
       Peter S. Kozinets
       Chris Moeser
Attorneys for Amici Curiae The Associated Press,
Gannett Co., Inc., The Reporters Committee for Freedom
of the Press, and The E.W. Scripps Company

LEAGUE OF ARIZONA CITIES AND TOWNS                         Tempe
    By  David R. Merkel, General Counsel
Attorney for Amicus Curiae League of Arizona Cities and Towns
_____

**B A L E S**, Justice

¶ 1      Arizona law provides that "[p]ublic records and other matters in the custody of any officer shall be open to inspection by any person at all times during office hours." Ariz. Rev. Stat. ("A.R.S.") § 39-121 (2001).  The City of Phoenix denied a public records request for metadata in the electronic version of a public record.  We today hold that if a public entity maintains a public record in an electronic format, then the electronic version, including any embedded metadata, is subject to disclosure under our public records laws.

**I.**

¶ 2      David Lake, a Phoenix police officer, filed an administrative complaint and federal lawsuit alleging employment

2

discrimination by the City of Phoenix. He also submitted a public records request to the City, seeking notes kept by his supervisor, Lt. Robert Conrad, documenting Lake's work performance. After reviewing paper copies of Conrad's notes, Lake suspected that they had been backdated when prepared on a computer. Lake then requested "'meta data' or specific file information contained inside . . . [Conrad's notes] file," including "the TRUE creation date, the access date, the access dates for each time it was accessed, including who accessed the file as well as print dates etc."[1] The City denied the request, contending that metadata is not a public record under *Mathews v. Pyle*, 75 Ariz. 76, 251 P.2d 893 (1952).

¶ 3        Pursuant to A.R.S. § 39-121.02, Lake filed a special action in the superior court. He alleged that the City was "intentionally and purposely delaying the production of certain

---

[1] "Metadata" is "information describing the history, tracking, or management of an electronic document." *Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 646 (D. Kan. 2005) (citation omitted). Examples of metadata include "file designation, create and edit dates, authorship, comments, and edit history." The Sedona Conference, *The Sedona Principles Addressing Electronic Document Production*, at 3 (Jonathan M. Redgrave et al. eds., 2d ed. 2007), *available at* http://www.thesedonaconference.org (recent publications). "The Sedona Conference is a nonprofit legal policy research and educational organization which sponsors Working Groups on cutting-edge issues of law. The Working Group on Electronic Document Production is comprised of judges, attorneys, and technologists experienced in electronic discovery and document management matters." *Williams*, 230 F.R.D. at 643 n.8.

3

public records" until they could be destroyed under records retention laws. After a hearing, the superior court issued an order denying jurisdiction and relief. Lake timely appealed.

¶ 4    The court of appeals reversed in part as to other requests that are not the subject of this opinion, but affirmed the superior court's denial of production of the metadata embedded in Conrad's notes. *Lake v. City of Phoenix*, 220 Ariz. 472, 207 P.3d 725 (App. 2009). Noting that Arizona statutes do not define the term "public record," the court of appeals concluded that metadata is not embraced by the common law definition of public records in *Mathews*.[2]  *Id.* at 477-78 ¶¶ 12-15, 207 P.3d at 730-31. The court also found that Arizona's statutory scheme distinguishes metadata "records" from "public records."  *Id.* at 479-80 ¶¶ 18-20, 207 P.3d at 732-33. The court noted that "[t]he legislature ha[d] broadly defined a 'record' but ha[d] chosen not to define a 'public record,'" instead "deferr[ing] to the courts on this issue."  *Id.* at 479-

---

[2]    *Mathews* defined a public record as: (1) a record "made by a public officer in pursuance of a duty, the immediate purpose of which is to disseminate information to the public, or to serve as a memorial of official transactions for public reference"; (2) a record that the law requires to be kept, or "necessary to be kept in the discharge of a duty imposed by law or directed by law to serve as a memorial and evidence of something written, said or done"; or (3) "a written record of transactions of a public officer in his office, which is a convenient and appropriate method of discharging his duties, and is kept by him as such," whether required by law or not.  75 Ariz. at 78-79, 251 P.2d at 895 (citations omitted).

4

80 ¶ 20, 207 P.3d at 732-33.  The court observed that an "enormous quantity of records" is created daily in Arizona but not all are public records.  *Id.* at 480 ¶ 22, 207 P.3d at 733. Absent further legislative direction, the court concluded that a public records request does not require production of metadata. *Id.* at 480-81 ¶ 22, 207 P.3d at 733-34.

¶ 5    Judge Norris dissented in part, arguing that the court had erred in focusing on whether the metadata, viewed in isolation, fit within the definition of a public record.  *Id.* at 485-86 ¶ 45, 207 P.3d at 738-39.  The key issue, in her view, was whether the electronic version of the document including the metadata is a public record.  *Id.* at 486 ¶ 45, 207 P.3d at 739. She noted that metadata is not an "electronic orphan," but is instead part of the requested electronic document.  *Id.* at 487 ¶ 53, 207 P.3d at 740.  Because the City never argued that Conrad's notes were not a public record, Judge Norris found that "[w]hen . . . [an] electronically created document is a public record, then so too is its metadata."  *Id.*

¶ 6    We granted review to address a recurring issue of statewide importance.  We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II.

¶ 7    Arizona's public records law serves to "open

*government* activity to public scrutiny." *Griffis v. Pinal County*, 215 Ariz. 1, 4 ¶ 11, 156 P.3d 418, 421 (2007); *see also Phoenix Newspapers, Inc. v. Keegan*, 201 Ariz. 344, 351 ¶ 33, 35 P.3d 105, 112 (App. 2001) ("The core purpose of the public records law is to allow the public access to official records and other government information so that the public may monitor the performance of government officials and their employees.") (citation omitted). A document's status as a public record is a question of law, which we review de novo. *Griffis*, 215 Ariz. at 3 ¶ 7, 156 P.3d at 420.

¶ **8**       Consistent with the goal of openness in government, "Arizona law defines 'public records' broadly and creates a presumption requiring the disclosure of public documents." *Id.* at 4 ¶ 8, 156 P.3d at 421. The public records law, however, does not mandate disclosure of every document held by a public entity. Only documents with a "substantial nexus" to government activities qualify as public records, and the nature and purpose of a document determine whether it is a public record. *Id.* at 4 ¶ 10, 156 P.3d at 421; *see also Salt River Pima-Maricopa Indian Cmty. v. Rogers*, 168 Ariz. 531, 541, 815 P.2d 900, 910 (1991) (noting that the public does not have the right to access private records that are unrelated to the government agency's activities). Even if a document qualifies as a public record, it is not subject to disclosure if privacy, confidentiality, or

6

the best interests of the state outweigh the policy in favor of disclosure. *See Griffis*, 215 Ariz. at 5 ¶ 13, 156 P.3d at 422; *Mathews*, 75 Ariz. at 80, 251 P.2d at 896 (1952).

¶ **9** Although Arizona statutes do not define the term "public record," A.R.S. § 39-121.01(B) (Supp. 2008) requires public entities and officers to "maintain all records, including records as defined in § 41-1350, reasonably necessary or appropriate to maintain an accurate knowledge of their official activities and of any of their activities which are supported by monies from the state or any political subdivision of the state."[3] We have held that this provision supplements the *Mathews* definition of public records by identifying particular "records which are open to the public for inspection under § 39-121." *Carlson v. Pima County*, 141 Ariz. 487, 490, 687 P.2d 1242, 1245 (1984).

¶ **10** The court of appeals erred in concluding that "the public records law supports a distinction between the metadata 'records' that Lake sought to acquire and the 'public records'

---

[3] Under A.R.S. § 41-1350 (2004), "records" are defined as "all books, papers, maps, photographs or other documentary materials, regardless of physical form or characteristics . . . made or received by any governmental agency in pursuance of law or in connection with the transaction of public business and preserved or appropriate for preservation by the agency . . . as evidence of the organization, functions, policies, decisions, procedures, operations or other activities of the government, or because of the informational and historical value of data contained therein."

that are accessible to the public." *Lake*, 220 Ariz. at 479 ¶ 18, 207 P.3d at 732. The court noted that while A.R.S. § 39-121.01(B) broadly defines "records" that must be maintained by public bodies, the legislature has not defined those "public records" that are subject to disclosure under A.R.S. § 39-121.01(D)(1). *Id.* at 479 ¶ 20, 207 P.3d at 732. The court suggested that this distinction supports interpreting "public records" more narrowly than "records." *See id.* at 480 ¶ 20, 207 P.3d at 733 (noting absence of express legislative intent "to treat 'records' as coterminous with 'public records.'").

¶ **11**    Although we agree with the court of appeals that there may be documents that in some sense qualify as "records" without necessarily being public records, such a distinction cannot be grounded in A.R.S. § 39-121.01. As we noted in *Carlson*, the 1975 adoption of § 39-121.01(B) "define[d] those matters to which the public right of inspection applies more broadly."[4] 141 Ariz. at 489, 687 P.2d at 1244. The legislature did not distinguish between "records" and "public records" in subsections (B) and (D) of A.R.S. § 39-121.01. Instead, it identified in (B) certain "records" that qualify as "public records." *Carlson* accordingly observed:

---

[4]    Section 39-121.01(B) was amended in 2000 to include "records as defined in section 41-1350." 2000 Ariz. Sess. Laws, ch. 88, § 54 (2d Reg. Sess.).

8

> For purposes of inspection and access, all records
> required to be made and maintained by § 39-121.01(B)
> and preserved by (C) are to be available for
> inspection under § 39-121 and copying under § 39-
> 121.01(D), subject to the official's discretion to
> deny or restrict access where recognition of the
> interests of privacy, confidentiality, or the best
> interest of the state in carrying out its legitimate
> activities outweigh the general policy of open access.

*Id.* at 491, 687 P.2d at 1246.

¶ **12**      The court of appeals properly recognized that *Griffis* requires courts to first determine if a document is subject to Arizona's public records law when there is a "substantial question" as to its status.  215 Ariz. at 5 ¶ 13, 156 P.3d at 422 (citation omitted).  The court erred, however, by parsing the electronic version of Conrad's notes and focusing separately on the metadata contained within the document.  The pertinent issue is not whether metadata considered alone is a public record.  Instead, the question is whether a "public record" maintained in an electronic format includes not only the information normally visible upon printing the document but also any embedded metadata.[5]  Here, the City does not dispute that Conrad's notes are public records kept in an electronic format.

¶ **13**      The metadata in an electronic document is part of the

---

[5]      We refer here to inherent or "application metadata," which is "embedded in the file it describes and moves with the file when it is moved or copied."  The Sedona Conference, *supra* note 1, at 4.  Our analysis does not encompass external or "system metadata," which may contain information about the document but is not inherent in the document; that is, does not exist as a part of it.  The Sedona Conference, *supra* note 1, at 4.

underlying document; it does not stand on its own. When a public officer uses a computer to make a public record, the metadata forms part of the document as much as the words on the page. *Cf. Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 652 (D. Kan. 2005) (noting, in discussing federal civil discovery rules, that "metadata is an inherent part of an electronic document."). Arizona's public records law requires that the requestor be allowed to review a copy of the "real record." *Lake*, 220 Ariz. at 486 ¶ 48, 207 P.3d at 739 (Norris, J., dissenting). It would be illogical, and contrary to the policy of openness underlying the public records laws, to conclude that public entities can withhold information embedded in an electronic document, such as the date of creation, while they would be required to produce the same information if it were written manually on a paper public record.

¶ 14    We accordingly hold that when a public entity maintains a public record in an electronic format, the electronic version of the record, including any embedded metadata, is subject to disclosure under our public records law.

¶ 15    Our decision is unlikely to result in the "administrative nightmare" that the City envisions. A public entity is not required to spend "countless hours" identifying metadata; instead, it can satisfy a public records request merely by providing the requestor with a copy of the record in

10

its native format.  Additionally, not every public records request will require disclosure of the native file.  Public entities may provide paper copies if the nature of the request precludes any need for the electronic version.  Public records requests that are unduly burdensome or harassing can be addressed under existing law, which recognizes that disclosure may be refused based on concerns of privacy, confidentiality, or the best interests of the state.  *Cf. Griffis*, 215 Ariz. at 5 ¶ 13, 156 P.3d at 422 (balancing interests to determine if the state's privacy or confidentiality concerns outweigh the presumption of disclosure).

¶ **16**    We do not here decide when a public entity is required to retain public records in electronic format.  That a public record currently exists in an electronic format, and is subject to disclosure in that format, does not itself determine whether there is a statutory obligation to preserve it electronically.

### III.

¶ **17**    We make a final observation regarding the superior court's order denying jurisdiction and relief for Lake's special action.  Under A.R.S. § 39-121.02(A) (Supp. 2008), a person who has been denied access to public records "may appeal the denial through a special action in the superior court."  Thus, so long as Lake's special action complied with the applicable procedural rules, the superior court lacked discretion to deny jurisdiction

11

and was required to decide the case on its merits.

## IV.

¶ **18**     For the reasons above, we vacate paragraphs 7 through 23 of the opinion of the court of appeals and remand to the superior court for proceedings consistent with this opinion, including consideration of Lake's request for an award of attorney fees under A.R.S. § 39-121.02(B).

_____
                    W. Scott Bales, Justice

CONCURRING:


_____
Rebecca White Berch, Chief Justice


_____
Andrew D. Hurwitz, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
John Pelander, Justice