UNITED STATES of America,
Plaintiff-Appellee,

v.

PHOENIX UNION HIGH SCHOOL DISTRICT; Patrick Henderson; Mary K. Carr; V. A. Dunham, Jr.; Georgie Goode; Don Kennedy; and Mary Price, Defendants-Appellants.

No. 81–5602.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 1982.

Decided July 23, 1982.

Rehearing Denied Aug. 30, 1982.

J. William Brammer, Jr., DeConcini, Mc-Donald, Brammer, Yetwin & Lacy, P. C., Tucson, Ariz., for defendants-appellants.

Gregg Meyers, Washington, D. C. (argued); Burtis M. Dougherty, Joel L. Selig, Washington, D. C., Gayle Sakowski, Louie M. Stewart, San Francisco, Cal., on brief, for plaintiff-appellee.

Before FARRIS, FERGUSON and NEL-SON, Circuit Judges.

FARRIS, Circuit Judge:

The Phoenix Union High School District appeals an order of summary judgment entered in favor of the United States. The United States Department of Education Office for Civil Rights sought certain minutes from the School District Governing Board's executive session meetings as part of its investigation to determine whether the School District was complying with Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* (1976 & Supp. III 1979), which prohibits discrimination on the basis of race, color, or national origin in any program or activity receiving federal financial assistance. The investigation focused on the School District's policies and practices of assigning students to and within its schools.

Following several unsuccessful efforts at voluntary compliance with its request to inspect the school district's minutes, the De-

partment of Education brought this action to compel disclosure.

The district court granted summary judgment for the United States and ordered the School District to permit access to minutes after January 4, 1961 that were relevant and not protected by the attorney-client privilege. The court prohibited the Department of Education from disclosing the content of the documents without further court order, and agreed to resolve all disputes concerning relevance or privilege.

The School District appealed.

■ The School District argues that it is absolutely barred from disclosing the minutes by Ariz.Rev.Stat.Ann. § 38–431.03(B) (1974 & Supp. 1981), which provides, "Minutes of executive sessions shall be kept confidential except from members of the public body which met in executive session."

The Arizona Court of Appeals applied a balancing test to determine whether a similar state statutory privilege prevented disclosure of confidential information in *Hanson v. Rowe*, 18 Ariz.App. 131, 134, 500 P.2d 916, 919 (1972). It relied on *Carr v. Monroe Manufacturing Co.*, 431 F.2d 384, 388 (5th Cir. 1970), *cert. denied*, 400 U.S. 1000, 91 S.Ct. 456, 27 L.Ed.2d 451 (1971), which held that the granting or withholding of any privilege requires a balancing of competing policies. Under these circumstances, the generally worded privilege here is construed to prohibit voluntary public disclosure and not disclosure pursuant to a legitimate legal inquiry. *See, e.g., Hanson*, 18 Ariz.App. at 134, 500 P.2d at 919. *See also United States v. Nixon*, 418 U.S. 683, 711–13, 94 S.Ct. 3090, 3109–3110, 41 L.Ed.2d 1039 (1974).

■ The Department of Education argues that the School District is contractually obligated to permit inspection of the requested minutes. It points out that the School District, as a recipient of federal financial assistance, was required to sign an assurance of compliance contract wherein it agreed to "comply with title VI . . . and all requirements imposed by or pursuant to the Regulation of the Department. . . ." The implementing regulations include 34 C.F.R. § 100.6(c),[1] which provides:

> Each recipient shall permit access by the responsible Department official or his designee during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities as may be pertinent to ascertain compliance with this part. . . . Asserted considerations of privacy or confidentiality may not operate to bar the Department from evaluating or seeking to enforce compliance with this part. Information of a confidential nature obtained in connection with compliance evaluation or enforcement shall not be disclosed except where necessary in formal enforcement proceedings or where otherwise required by law.

The Department of Education contends that this section places a clear responsibility on the School District to cooperate with the Department of Education's investigation to determine whether the School District is complying with the requirements of Title VI. We agree.[2] In a similar dispute contesting access by the Department of Health, Education, and Welfare to various college records, we relied on the assurance of compliance contract in requiring the college to furnish the information sought. *United States v. El Camino Community College District*, 600 F.2d 1258, 1260 (9th Cir. 1979), *cert. denied*, 444 U.S. 1013, 100 S.Ct. 661, 62 L.Ed.2d 642 (1980). *See also Lau v. Nichols*, 414 U.S. 563, 568–69, 94 S.Ct. 786, 789, 39 L.Ed.2d 1 (1974) (The "school district contractually agreed to 'comply with title VI . . . and all requirements imposed by or pursuant to the Regulation' of HEW (45 CFR pt. 80) which are 'issued pursuant to that title . . .'"); *Soria v. Oxnard School*

---

**1.** Formerly 45 C.F.R. § 80, *et seq.*

**2.** Because these regulations are clear and unambiguous and the School District's acceptance of them was knowing and voluntary, there is no question of constitutional infirmity under *Pennhurst State School and Hospital v. Halderman*, 451 U.S. 1, 17, 101 S.Ct. 1531, 1539, 67 L.Ed.2d 694 (1981).

*District Board of Trustees*, 386 F.Supp. 539, 545 (C.D.Cal.1974).

██ The contractual assurance of compliance is not without limits. It must be applied with an eye toward striking a proper accommodation between the federal interest in ascertaining compliance with Title VI and the state's legitimate countervailing interests. Section 100.6(c) permits access only to information "as may be pertinent to ascertain compliance." 34 C.F.R. § 100.-6(c). The section provides that "considerations of privacy or confidentiality may not operate to bar the Department from evaluating or seeking to enforce compliance. . . ." The district court permitted access to confidential minutes of executive session meetings from 1961 to the present which were relevant to the Department's investigation and not protected by the attorney-client privilege. The court properly weighed the competing interests in fashioning an appropriate protective order. We find no error in the order.

██ Further, the state statute is preempted to the extent it frustrates the congressionally mandated duty to investigate whether public programs receiving federal funds are complying with Title VI.[3]

Even if Congress has not completely foreclosed state legislation in a particular area, a state statute is void to the extent that it actually conflicts with a valid federal statute. A conflict will be found "where compliance with both federal and state regulations is a physical impossibility . . . ," or where the state "law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."

*Ray v. Atlantic Richfield Co.*, 435 U.S. 151, 158, 98 S.Ct. 988, 994, 55 L.Ed.2d 179 (1978) (citations omitted).

AFFIRMED.

---

**3.** The Department of Education's Office for Civil Rights is required by 34 C.F.R. § 100.7(a) to determine periodically whether recipients are complying with Title VI and its implementing regulations.