James **FELLER**, et al.

v.

**BOARD OF EDUCATION OF the STATE OF CONNECTICUT,** et al.

**Civ. No. N–80–195 (PCD).**

United States District Court, D. Connecticut.

April 17, 1984.

question. Plaintiffs have moved to preclude her testimony at trial. For the reasons set forth below, the motion is granted.

Plaintiffs have also moved for an order compelling the town defendants to produce the original or draft report of the expert witness they have disclosed an intention to call. For the reasons set forth below, the motion is denied.

*Facts*

The long history of this action is well set forth in earlier rulings on file. *See* Magistrate's Recommended Ruling on Motion to Dismiss, October 2, 1980, adopted by the court, October 22, 1980; Magistrate's Recommended Ruling on Plaintiffs' Motion for Summary Judgment, June 3, 1982, adopted by the court, July 14, 1982; Magistrate's Recommended Ruling on Four Defendants' Motion for Order Permitting Observation of the Minor Plaintiff, December 16, 1982, adopted April 25, 1983. Thus, a brief statement of this action will suffice to frame the instant motion.

The minor plaintiff, a resident of Milford, suffers from primary childhood autism. Since 1973, he has been placed in various residential schools. For the two years next preceding the initiation of this action in 1980, and to the present, he apparently has been placed at the Elizabeth O'Hara Walsh School, a private residential facility in Stratford. The defendant Milford Board of Education determined that the placement was for other-than-educational reasons and has been paying tuition costs only. After a hearing on March 3, 1980, the defendant State Board of Education, on May 12, 1980, concurred that the residential placement was for other-than-educational reasons.

This action is brought principally under the Education for All Handicapped Children Act of 1975 (EHA), 20 U.S.C. §§ 1401, *et seq.,* and Conn.Gen.Stat. §§ 10–76a, *et seq.* The minor plaintiff and his parents seek a declaratory judgment that the Walsh School placement was entirely for educational reasons and that defendants are obliged for the entire cost.

The state defendants have listed as their sole witness, Sonia S. Stoloff, the hearing officer whose decision is herein appealed.

Stephen Wizner, John L. Pottenger, Jr., Mary A. McCarthy, Sally Zanger, Jerome N. Frank, Legal Services Organization, New Haven, Conn., for plaintiffs.

Ruth C. Brufsky, Milford, Conn., for defendant Milford Bd. of Educ.

John R. Whelan, Asst. Atty. Gen., Hartford, Conn., for defendants Bd. of Educ. of State of Conn. and Mark Shedd, Com'r of Educ. of State of Conn.

## RULING ON PENDING MOTIONS

DORSEY, District Judge.

This is an appeal of a state administrative determination that the minor plaintiff's placement in a private residential facility was not necessary for educational reasons, thus excusing the defendant Milford Board of Education from any financial obligation in excess of tuition costs. The state defendants have disclosed in their trial preparation compliance an intention to call the hearing officer who issued the ruling in

She is listed as an expert, expected to testify that "[t]he placement of James Feller, Jr. in a residential facility is not necessary to provide James with an appropriate education." Her opinion will be based on a "[r]eview of all evidence presented at [the] administrative hearing." State Defendants' Response to Trial Preparation Order, Part F1, p. 10, filed December 23, 1983.

The state defendants describe the purpose and contemplated scope of Ms. Stoloff's expert testimony as follows:

> Ms. Stoloff's testimony is offered to provide the court with the pedagogical framework upon which the court must derive the test for drawing the distinction between placements necessary for educational reasons and placements necessary only for other-than-educational reasons. She will then provide the court with her expert opinion concerning the minor plaintiff's needs and whether these needs indicate that the minor plaintiff needs a residential placement for educational reasons or only other-than-education reasons.

Memorandum in Opposition to Motion in Limine, p. 3.

On grounds that such testimony is either barred by the rule precluding the probing of the mental processes of decision-makers, or, in the alternative, inadmissible under Fed.R.Evid. 403 by virtue of its potential for prejudice outweighing its probative value, plaintiffs move the court to preclude Ms. Stoloff from testifying.

Plaintiffs further move the court to order the production of the original or draft report of Dr. Thomas Powell, the town defendants' expert witness.

*Discussion*

### I. *Motion in Limine*

As a matter of hornbook administrative law:

> In reviewing a decision of an administrative agency, it is not the proper function of the court to probe the mental processes of the agency or its members, particularly if the agency makes a considered decision upon a full administrative record. Such probing should ordinarily be avoided, and there must be a strong showing of bad faith or improper behavior before such inquiry may be made.

C.J.S. No. 73A, Public Administrative Law and Procedure § 217.

 This was enunciated in the so-called "Morgan quartet," *KFC Management Corp. v. NLRB*, 497 F.2d 298, 304 (2d Cir.1974), *cert. denied*, 423 U.S. 1087, 96 S.Ct. 879, 47 L.Ed.2d 98 (1976), the four Supreme Court cases culminating in *United States v. Morgan*, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941) (*"Morgan IV"*). The integrity of the administrative process was deemed to merit the same respect as the integrity of the judicial process. Thus, it is no more the function of a court to probe the mental processes of an administrative adjudicator than to subject a judge to such scrutiny, as proscribed by *Fayerweather v. Ritch*, 195 U.S. 276, 306–07, 25 S.Ct. 58, 67–68, 49 L.Ed. 193 (1904). As a "corollary," to the mental processes rule, *KFC National Management*, 497 F.2d at 305, once there has been a *prima facie* demonstration of impropriety, the courts will inquire into the administrative process to insure that decision making was informed, unbiased, and personal. *See Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136 (1971).

In a section of his treatise entitled "May Courts Probe Administrator's Understanding?," Professor Davis notes:

> The Supreme Court has answered this question eight times, in 1903, 1907, 1936, 1938, 1941, 1971, 1973, and 1977. The answers are, respectively, no, no, yes, no, no, yes, yes, and yes. But despite the Supreme Court's yes answers in the latest three cases, the lower courts are generally finding ways to say no. The most carefully considered answer [Morgan IV] was the no in 1941, and the Court in the three later opinions has given en no reasons for departing from that answer.

3 Davis, Administrative Law Treatise (2d ed. 1980), at 285.

"Subsequent Supreme Court decisions have not detracted from the force of *Morgan IV*", and *Overton Park* is said to have "reaffirmed" it. *National Nutritional Foods Ass'n v. Food & Drug Administration*, 491 F.2d 1141, 1145 (2d Cir.) (Friendly, J.), *cert. denied*, 419 U.S. 874, 95 S.Ct. 135, 42 L.Ed.2d 113 (1974).

■ The state defendants base their opposition to the motion on the premise that the mental processes rule has little or no application in a case where the officer is testifying voluntarily and the purpose of the testimony is not to contradict or impeach the record which has already been established. This proposition is supported neither by logic nor authority.

The objectivity and independence of Ms. Stoloff in her role as administrative adjudicator is likely to be undermined by her now being offered by the state as a probative witness in support of their case. Cross examination and the court's assessment of the testimony will involve, necessarily, a review of the mental processes of the adjudicative officer.

"Such an examination of a judge would be destructive of judicial responsibility .... Just as a judge cannot be subjected to such scrutiny, ... so the integrity of the administrative process must be equally respected." *Morgan IV*, 313 U.S. at 422, 61 S.Ct. at 1004–1005. While it is true that the rule has generally been applied where the party adverse to the judgment or record calls an unwilling judicial or quasi-judicial officer for the purposes of contradicting or impeaching the record or demonstrating that the record is the result of confusion or impropriety on the part of the officer, it does not necessarily follow that the result is or should be "quite different" (Opposition Memorandum, p. 8) when the testimony of the judge or administrative officer is ostensibly offered to support the position sustained at the administrative level. On the contrary, except where the testimony is manifestly and uniquely probative and free of potential for violating the mental processes rule even during cross examinations, and where the independent objectivity of the administrative hearing is not undercut by the hearing officer subsequently becoming the advocate of the agency, the general preclusionary rule should be applied.

■ The authorities relied on by the state defendants do not support the proposition for which they are asserted. *Castaneda v. Partida*, 430 U.S. 482, 498, 97 S.Ct. 1272, 1282, 51 L.Ed.2d 498 (1977) (in which a judge testified as to his knowledge of the general manner in which jury commissioners are selected and instructed) is inept as the testimony then did not relate to a prior judgment or decision, but simply to historical fact. The Supreme Court thus had no occasion to consider or even mention the mental processes rule. *Overton Park* is inept as it requires a *prima facie* demonstration of impropriety, not suggested here, before allowing inquiry into the administrative process. *See Schicke v. United States*, 346 F.Supp. 417 (D.Conn. 1972), *rev'd on other grounds*, 474 F.2d 309 (2d Cir.1973). Nor does the characterization of it as expert testimony skirt the bar of the general rule. While it has been noted, rather casually, that the rule does not preclude a court from considering testimony of a decision-maker to the extent it contains personal knowledge of historical facts or expert opinion, *see Washington v. Strickland*, 693 F.2d 1243 (5th Cir.1982), *cert. granted*, —— U.S. ——, 103 S.Ct. 2451, 77 L.Ed.2d 1332 (1983); 10 Moore's *Federal Practice* § 605.02 (1982), the court deems Ms. Stoloff's putative expert testimony as too closely related to that which is proscribed by the mental processes rule. The state defendants are not shown to be unable to present their case without her.

The motion is granted.

## II. *Motion to Compel*

■ Plaintiffs' motion, unsupported by a written memorandum of law, Rule 9, Local Rules of Civil Procedure, District of Connecticut, appears to have been brought under Fed.R.Civ.P. 26(b)(4)(A)(ii), which provides that, upon motion, the court may order discovery as to experts by means other than those enumerated in Rule 26(b). The need for such extraordinary discovery

not having been suggested on the record, the motion is denied.

Trial shall commence on May 16, 1984, at 10:00 a.m.

SO ORDERED.