Nancy ZINKER

v.

Paul DOTY, et al.

Civ. No. H–85–337(JAC).

United States District Court,
D. Connecticut.

June 13, 1986.

Kathleen Eldergill, Beck & Eldergill, Manchester, Conn., for plaintiff.

Beth Margulies, Asst. Atty. Gen., State of Conn., Hartford, Conn., for defendants.

## RULING ON DEFENDANT FREED-MAN'S ASSERTION OF THE DELIBERATIVE PROCESS PRIVILEGE

JOSÉ A. CABRANES, District Judge:

Nancy Zinker, the plaintiff in this employment discrimination case, seeks the disclosure of the handwritten notes of Theodore Sulla, a hearing officer in the State of Connecticut's Department of Administrative Services who, after a fact-finding hearing, upheld the plaintiff's dismissal from her job with the Department of Income Maintenance. Defendant Elisha Freedman, the Commissioner of Administrative Services, claims that these documents represent

the thought processes of the hearing officer, and are therefore covered by the "deliberative process privilege."

The hearing conducted by Sulla was the third level of a four-part statutory procedure for the handling of grievances of state employees. *See* Conn.Gen.State. §§ 5–202(a) and 5–202(i). This is an adversarial hearing at which the parties present testimony and evidence. The plaintiff seeks the notes taken by Sulla during the course of the hearing, as well as the notes he made after the hearing but before rendering a decision in the plaintiff's case.

### A.

■ The "deliberative process privilege" (also sometimes known as the "executive privilege" or "official information privilege") asserted by the defendants has been recognized by the Supreme Court as necessary to protect the integrity of the administrative process. *United States v. Morgan,* 313 U.S. 409, 422, 61 S.Ct. 999, 1004–05, 85 L.Ed. 1429 (1941). The privilege has been applied to protect from disclosure intragovernmental documents "comprising part of a process by which governmental decisions and policies are formulated." *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena,* 40 F.R.D. 318, 324 (D.D.C.1966), *aff'd on opinion below,* 384 F.2d 979 (D.C.Cir.), *cert. denied,* 389 U.S. 952, 88 S.Ct. 334, 19 L.Ed.2d 361 (1967). Under this privilege, the judiciary is foreclosed from investigating "the methods by which a decision is reached ... [and] the contributing influences" of an administrative decision. *Id.* at 325–26 (citations omitted); *see also In re Franklin National Bank Securities Litigation,* 478 F.Supp. 577, 581 (E.D.N.Y. 1979) (Weinstein, J.). The privilege also forecloses investigation into administrative processes that have " 'a quality resembling that of a judicial proceeding.' " *United States v. Morgan, supra,* 313 U.S. at 422, 61 S.Ct. at 1004, *quoting Morgan v. United States,* 298 U.S. 468, 480, 56 S.Ct. 906, 911, 80 L.Ed. 1288 (1936). *See also Feller v. Board of Education,* 583 F.Supp. 1526 (D.Conn.1984). The privilege does not,

however, apply to factual material contained in administrative documents. *See Environmental Protection Agency v. Mink,* 410 U.S. 73, 88–89, 93 S.Ct. 827, 836–37, 35 L.Ed.2d 119, *In re First National Bank Securities Litigation, supra,* 478 F.Supp. at 581–82. Disclosure of facts would neither hinder the free flow of advice in government decision making nor involve improper judicial interference in that process. *In re First National Bank Securities Litigation, supra,* 478 F.Supp. at 582.

### B.

The plaintiff contends that because she is challenging not only the basis for her discharge, but also the adequacy of the procedures by which she was discharged, the deliberative process privilege should not apply in this case. The plaintiff claims that she is seeking the discovery of Sulla's notes not in "an attempt to subject the hearing officer's *weighing* of the evidence to judicial scrutiny," but, rather, in order to determine what evidence was presented and what procedure was followed at the hearing. Plaintiff's Brief in Opposition to Defendant Freedman's Assertion of the "Deliberative Process" Privilege (filed Jan. 27, 1986) ("Plaintiff's Brief") at 6. She argues that there was no official transcript or written record of this hearing, and that the hearing officer's notes thus provide the only means for determining what took place at the hearing.

■ The court is not persuaded by the plaintiff's argument that the notes of the hearing officer taken during the hearing are "factual" rather than "deliberative." The notes do not purport to be findings of fact. They are contemporaneous notes taken during the course of the hearing. There is no indication that the hearing officer intended his notes to be any kind of formal or complete record of the evidence presented or of the procedure used in conducting the hearing. Selective note-taking is the product of deliberative process. The hearing officer's notes may reflect his judgment about what evidence at the hearing

was noteworthy, or they may be only a record of potentially relevant testimony or evidence. In any case, they are certainly not a verbatim transcript of the hearing.

Because the hearing officer's notes are clearly deliberative, the defendant has met the threshold requirement for the assertion of privilege in this case. However, the deliberative process privilege is a qualified rather than an absolute privilege. *In re Franklin National Bank Securities Litigation, supra,* 478 F.Supp. at 582. In determining whether the privilege should apply in a particular instance, the court must weigh the government's interest in non-disclosure against the competing interests in accurate judicial fact-finding. *Id.* at 582–583. *Cf. United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). This balancing process is generally conducted by the court following an *in camera* inspection of the relevant documents. *In re Franklin National Bank Securities Litigation, supra,* 478 F.Supp. at 582–583. The significant factors to be considered include (1) the relevance of the evidence sought to be protected; (2) the availability of other evidence; (3) the seriousness of the litigation and the issues involved; (4) the role of the government in the litigation; and (5) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable. *Id.* at 583 (citing cases).

In this instance, the parties concede that there are important litigation interests on both sides. However, a consideration of the remaining factors reveals that in this instance the balance tips decidedly in favor of upholding the defendant's claim of privilege. As noted above, the plaintiff asserts that the notes she seeks are relevant to her claim that she was denied due process of law. The plaintiff provides no specific support for this assertion, nor does a review of the notes in question reveal any basis for the plaintiff's claim that these notes will somehow lead to the disclosure of information relevant to her due process claim. Even if the plaintiff were able to point to some procedural omission based on Sulla's

notes (and the court does not suggest that any such omission is apparent from these notes), that omission would be of questionable relevance because the notes are not a complete record of the proceedings. Equally unpersuasive is the plaintiff's assertion that the evidence presented at the hearing, as reflected in these notes, is in any way relevant to her substantive claims in this litigation. Although the plaintiff argues that she has discovered some evidence which indicates that one of the defendants in this action testified falsely at the hearing before Sulla, the plaintiff fails to show how disclosure of the hearing officer's notes of this hearing would in any way support her allegations regarding any such false testimony.

The plaintiff has not only failed to show the relevance of the material with respect to which the defendant asserts a privilege, she also has failed to demonstrate that the information she seeks is not available from another source. The plaintiff and her attorney were present at the hearing and have thus already had access to any evidentiary material that might have been recorded by the hearing officer. Similarly, even if the hearing officer's notes did contain information about the procedures by which this hearing was conducted, the plaintiff's recollections concerning the way the hearing was conducted would provide an alternate source for this material. The mere fact that Sulla may have taken more complete or accurate notes at the hearing than did the plaintiff or her attorney cannot defeat the defendant's claim of privilege.

The government's role as a defendant in this litigation also tips in favor of non-disclosure. *See Environmental Protection Agency v. Mink, supra,* 410 U.S. at 86 and n. 13, 93 S.Ct. at 835 and n. 13. (citing cases). This is not an instance where the government has initiated litigation, either as a civil plaintiff or a prosecutor, based on evidence to which it alone is privy. The notes do not reveal any improprieties on the part of the hearing officer or any of the government defendants who were present at the hearing. In these circumstances, the mere fact that the plaintiff is alleging terminating the plaintiff does

not weaken the defendant's claim of privilege.

Finally, a consideration of whether the disclosure of these notes will have a chilling effect on administrative officers also tips the balance in the defendant's favor. Permitting the disclosure of notes in these circumstances would discourage hearing officers from taking such notes during and after hearings of this sort. Without the benefit of written notes, these officers will not be able adequately to perform their duties.

Based on the considerations set forth above, the defendant's interest in asserting the deliberative process privilege with respect to Sulla's notes clearly outweighs any possible interest the plaintiff might have in gaining access to these notes.

## CONCLUSION

For the reasons stated above, the court sustains the defendant Freedman's assertion of the deliberative process privilege with respect to the handwritten notes of the hearing officer. The notes shall not be subject to discovery by the plaintiff.

It is so ordered.