753 P.2d 168

Claude R. GIPSON and Isabel Gipson, husband and wife, d/b/a Gipson's Towing Service; and Joe and Angela Estrada, husband and wife, d/b/a Joe Estrada's Body Shop, Petitioners,

v.

The Honorable Robert R. BEAN, Judge of the Superior Court, Pinal County, Respondents,

and

Frank R. Reyes, Sheriff of Pinal County; John Pogue, Deputy Sheriff, Pinal County Sheriff's Office; and Pinal County, a political subdivision, Real Parties in Interest.

No. 2 CA–SA 87–0105.

Court of Appeals of Arizona, Division 2, Department B.

Nov. 19, 1987.

Review Denied May 3, 1988.

Stanfield & McCarville, P.C. by Gilberto V. Figueroa, Casa Grande, for petitioners Estrada.

Roy A. Mendoza, Pinal Co. Atty. by Stephen M. Kemp, Florence and Teilborg, Sanders & Parks by Bruce Pelkey, Phoenix, for real parties in interest Reyes, Pogue and Pinal County.

## OPINION

LIVERMORE, Presiding Judge.

This is the second special action brought in this case seeking relief with respect to the same discovery issue. Because petitioners have no equally plain, speedy or adequate remedy by appeal, and because the trial court abused its discretion, we accept jurisdiction and grant relief. Rules 1 and 3, Ariz.R.Spec.Action P., 17A A.R.S.

The pertinent facts as alleged by the petitioners are as follows. Petitioners are engaged in the automotive towing and storage business. On or about October 17, 1983, they were requested by the Pinal County Sheriff to seize and store a large quantity of farm equipment pending a sheriff's sale to satisfy a judgment in an unrelated civil action. On or about June 27, 1984, the sale was cancelled and the equipment returned. Because there was no sale, there were no proceeds from which to pay petitioners' claimed towing and storage charges of approximately $116,776. According to petitioners, at the time the sale was cancelled, their counsel asked Deputy County Attorney Layna Taylor what she wished done with their clients' billings. At her request, they submitted to her and to the sheriff "detailed, itemized billings" for their services, and she assured petitioners that she would take care of them. In September of 1984, after several months of attempts to settle the matter, petitioners allege that they were told by Deputy County Attorney Ruth Koester that their claims had been rejected by the board of supervisors, that no amounts would be paid, and that if they wished to pursue the matter further, they would have to file a lawsuit.

Stewart & McLean, Ltd. by William H. McLean, Phoenix, for petitioners Gipson.

Petitioners' complaint was filed in October 1984. In January 1986, the real parties in interest filed a motion to dismiss on the ground that petitioners had failed to comply with the requirements of A.R.S. § 11–622, which provides:

A person having a claim against a county shall, within six months after the last item of the account accrues, present to the board of supervisors of the county against which the demand is held, a written itemized claim executed by him under penalties of perjury, stating minutely what the claim is for, specifying each item, the date and amount thereof, and stating that the claim and each item thereof is justly due. The board shall not consider a claim unless the demand therefor is presented within such time.

Petitioners then noticed the deposition of the clerk of the Pinal County Board of Supervisors and served him with a subpoena duces tecum, requiring him to produce the agendas and minutes of board meetings during which petitioners believed that their claims had been discussed. The clerk produced agendas for two meetings on September 4 and 17, 1984, but refused to testify about those meetings on the ground that they were executive sessions and therefore "confidential" under A.R.S. § 38–431.03. Following the trial court's refusal to compel the clerk to testify, a special action was filed in this court, and we granted relief, ordering that "Petitioners be allowed to discover whether directly or indirectly their claim was presented to the Pinal County Board of Supervisors, and, if so, what disposition was made of it."

Petitioners subsequently deposed the clerk and various members of the board of supervisors. The clerk was also served with a subpoena duces tecum to produce the minutes of the September 4 and September 17, 1984, executive sessions. Upon advice of counsel, the clerk refused to produce the minutes requested. Further, following the instructions of their counsel, all of the deponents refused to answer any questions concerning the substance of the discussions at those two meetings, other than to state that the general subject matter was "pending litigation." The deponents were then asked by their counsel whether, to the best of their knowledge, the petitioners had ever directly or indirectly presented a claim to the board of supervisors, and each responded negatively.

The deposition of Deputy County Attorney Ruth Koester was also taken, during which the following transpired between her and her counsel:

Q. Okay. You will recall that we earlier had a discussion regarding your understanding of the requirements of A.R.S. 11–621 with respect to the submission of a claim against the County. Do you recall that discussion?

A. Yes, I recall that.

Q. To your knowledge, was a claim which met those requirements, the requirements of A.R.S. 11–621, et seq., ever submitted to the Board of Supervisors of Pinal County by Mr. Gipson or Mr. Estrada?

MR. McLEAN: Object to the form of the question, asked and answered; number two, calls for a legal conclusion; number three, foundation.

THE WITNESS: Not to my knowledge.

Q. MR. PELKEY: Do you know whether such a claim was ever submitted to the Board of Supervisors by their attorneys?

A. Not to my knowledge.

Q. To your knowledge, was a claim which met the requirements of A.R.S. 11–622 ever considered by the Pinal County Board of Supervisors?

MR. McLEAN: Same objection.

THE WITNESS: Not to my knowledge.

Q. BY MR. PELKEY: To your knowledge, was a claim which met the requirements of A.R.S. 11–622 ever rejected by the Pinal County Board of Supervisors?

MR. McLEAN: Same objection.

THE WITNESS: Not to my knowledge.

Q. BY MR. PELKEY: To your knowledge, was a claim ever indirectly submitted, that is, by someone other than

the plaintiffs or their attorneys, to the Pinal County Board of Supervisors?

MR. McLEAN: Excuse me. Object to the form of the question. Not only does it call for a legal conclusion, it does not define the term "indirectly" within the scope of the Order of the Arizona Court of Appeals.

Q. BY MR. PELKEY: Can you answer the question?

A. Not to my knowledge was there any claim submitted.

Q. And again I define the term "indirectly" by stating that it would be by someone other than the plaintiffs or their attorneys.

MR. McLEAN: Object to the form of the question. That's Mr. Pelkey's statement; that is not a statement of the witness, nor is it within the meaning of the Order of the Arizona Court of Appeals.

Q. BY MR. PELKEY: Again, your answer?

A. To my knowledge, there was no claim submitted in this matter by anyone else.

Q. Was such a claim ever considered by the Board of Supervisors, to your knowledge?

MR. McLEAN: Object to the form of the question.

THE WITNESS: Not to my knowledge.

Q. BY MR. PELKEY: Was such a claim ever rejected by the Board of Supervisors, to your knowledge?

MR. McLEAN: Object to the form of the question.

THE WITNESS: Not to my knowledge.

Petitioners then filed a motion to compel discovery, seeking an order compelling the defendants to comply with this court's order and, specifically, to produce the minutes of the September 4 and 17, 1984, executive sessions. Following a hearing, the trial court ordered that the minutes be produced for an in camera inspection. The defendants responded by submitting the minutes of the September 4 meeting, but claimed that there were no minutes of the September 17 meeting. However, the clerk of the board also submitted the minutes of an executive session held on July 23, 1984, at which matters pertaining to petitioners' claim were discussed. After inspecting the minutes, the trial court found and ordered, in part, as follows:

2. That an in camera inspection of the minutes of the executive sessions of the Defendant Pinal County Board of Supervisors held on July 23, 1984, and September 4, 1984, indicates that Deputy County Attorney Ruth Koester may have communicated certain information to the Defendant Board which she received from Plaintiffs or Plaintiffs' representatives which may bear on the issue addressed by the Court of Appeals in its March 24, 1986, Order.

3. That A.R.S. § 38–431.03 B requires that minutes of or discussions at executive sessions of the Defendant Board are confidential, if within the purposes enumerated in A.R.S. § 38–431.03 A.

4. That it is appropriate and proper and in accordance with the Order of the Court of Appeals that any information which the Deputy County Attorney Ruth Koester received from Plaintiffs or Plaintiffs' representatives and which was communicated to the Defendant Board at the executive sessions of July 23, 1984, and September 4, 1984, be disclosed.

5. That it is not proper or appropriate that the minutes of the executive sessions of July 23, 1984, and September 4, 1984, be disclosed; and, further, any discussion of the information outlined in paragraph 4 above, or any consultation regarding that information, or any consideration of the Defendant Board's position, or any instructions to the Defendant Board's attorneys regarding the Defendant Board's position which occurred at the executive sessions should also not be disclosed.

Petitioners filed a motion for reconsideration and, upon its denial by the trial court, brought the instant special action seeking an order directing disclosure of the minutes of the July 23 and September 4, 1984, meetings. They also seek a determination that

the executive sessions held on those dates were illegal, and therefore not confidential, and an order directing that the participants in the meetings testify without benefit of executive privilege.

Before addressing petitioners' contentions, we will discuss the basis for the defendants' claim of privilege. Under A.R.S. § 38–431.03, a public body such as the board of supervisors may by majority vote determine to hold an executive session for the purpose of, among other things, "[d]iscussion or consultation for legal advice with the attorney or attorneys of the public body" or "[d]iscussion or consultation with the attorneys of the public body in order to consider its position and instruct its attorneys regarding the public body's position in pending or contemplated litigation." A.R.S. § 38–431.03(A)(3) and (4). Subsection (B) provides that the minutes of executive sessions shall be kept "confidential."

■ The intent of the legislature in enacting this provision of our open meeting law was to "establish an equilibrium between the public's desire for access and the governmental agency's need to act in private, short of reaching 'a collective decision, commitment or promise.'" *Hokanson v. High School District Number Eight (8) of Pima County*, 121 Ariz. 264, 268, 589 P.2d 907, 911 (App.1979). By providing that minutes of and discussions at executive sessions shall be confidential, we believe that the legislature intended to protect only those matters which are properly the subject of an executive session under the statute. We also agree with the Ninth Circuit's conclusion in *United States v. Phoenix Union High School District*, 681 F.2d 1235, 1237 (9th Cir.1982), that "the generally worded privilege here is construed to prohibit voluntary public disclosure and not disclosure pursuant to a legitimate legal inquiry." In reaching this conclusion, the court in *Phoenix Union High School District* relied on Division One's analysis of a similar statutory privilege in *Hanson v. Rowe*, 18 Ariz.App. 131, 500 P.2d 916 (1972), where the court held that the granting or withholding of any privilege requires a balancing of competing policies.

In this case, the policy of permitting public officials to engage in full and free discussion of legal matters with counsel in private must be weighed against the policy embodied in our rules of civil procedure permitting discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Rule 26(b)(1), Ariz.R.Civ.P., 16 A.R.S. *Cf. Dillon v. City of Davenport*, 366 N.W.2d 918 (Iowa 1985).

■ As to matters encompassed within the attorney-client privilege, the balance weighs in favor of nondisclosure. What petitioners seek here, however, and what this court previously ordered was subject to discovery, was whether petitioners' claims had been presented and whether they had been rejected. These are factual matters not protected by the attorney-client privilege nor, we believe, protected from disclosure by A.R.S. § 38–431.03. Contrary to defendants' arguments, the evidence sought is clearly relevant to this action: Unless petitioners can prove that their claims were presented to and rejected by the board of supervisors, their complaint must be dismissed. *See Tucson Medical Center v. Apache County*, 140 Ariz. 476, 682 P.2d 1143 (App.1984). Moreover, the facts in support of petitioners' contentions lie exclusively within the possession of the defendants. To hold that the statute prohibits disclosure of the minutes in this lawsuit would effectively immunize defendants from liability without serving what we believe to be the purpose of the statute.

The pernicious consequences of such a decision are amply demonstrated by the facts of this case. We have reviewed the minutes of both executive sessions and, while the minutes of the July 23 meeting involve matters protected by the attorney-client privilege and should not be disclosed, the minutes of September 4 do not. As noted above, the supervisors who were deposed testified that to the best of their knowledge no claim had been presented to or rejected by the board. Further, in response to carefully circumscribed questioning by defendants' counsel, Deputy County Attorney Ruth Koester testified that no claim in compliance with A.R.S. § 11–622

had been presented. Indeed, in their response to the petition in this special action, defendants specifically deny that petitioners' claims were ever presented to and discussed by the board. The minutes of the September 4 meeting reveal otherwise. They provide, as pertains to this case:

*Legal Matters discussed:*

Ruth Koester, Deputy County Attorney, advised the Board on legal standing of the case involving Sheriff's Department and storage charges on equipment charged by Mr. Estrada-Gibson [sic] for the Kirby Hughes case. Present charges amounts [sic] to $160,000, but letter will be received reducing the amount to $9,735.34 for Gibson [sic] and between $25,000 to $40,000 for Estrada. Ruth Koester advised the Board her information was the claimants would agree to lessor [sic] figures. The Board advised Attorney to proceed on basis of lawsuit being filed and not attempt to settle for lessor [sic] amounts at this time.

■ We note initially that nothing in these minutes contains either legal advice from attorney to client, or information pertaining to the substance of the claims from client to attorney, or any discussion of litigation strategy. *See Dillon v. City of Davenport, supra;* A.R.S. § 12–2234. Rather, the minutes reveal information conveyed by the deputy county attorney to the board to which no privilege can attach because it was obviously obtained from petitioners or their counsel. *See In re Sealed Case,* 737 F.2d 94, 237 U.S.App.D.C. 312 (D.C.Cir.1984). They also contain the board's instructions to its attorney as to how to proceed with settlement negotiations. These instructions, implicitly or explicitly intended to be communicated to petitioners or their counsel, are similarly not privileged. *See United States v. Lawless,* 709 F.2d 485 (7th Cir.1983); *United States v. Bump,* 605 F.2d 548 (10th Cir.1979); *see also United States v. Flores,* 628 F.2d 521 (9th Cir.1980) (privilege does not extend to questions regarding authority of attorney to file claim on behalf of client). Thus, the minutes themselves are not protected by the attorney-client privilege, and we fail to see how the purpose of § 38–431.03 is served by their nondisclosure.

On the other hand, the policy behind our discovery rules militates strongly in favor of disclosure. The minutes are relevant to the issue of presentation and rejection of the claims, and also tend to bolster petitioners' allegation that they were told by the deputy county attorney that their claims had been rejected. Further, the minutes are the only independent evidence on this issue. Under these circumstances, the balance between the competing policies behind confidentiality and discovery must be struck in favor of disclosure. Accordingly, we hold that the trial court erred in refusing to permit discovery of the September 4 minutes.

Petitioners have further requested that this court order that those persons present at the July 23 and September 4 meetings testify "fully, completely and without claim of executive privilege as to the discussions and decisions of those meeting[s]." We decline relief as to the July 23 meeting since, as discussed above, the minutes indicate that the matters discussed were protected by the attorney-client privilege. As to the September 4 meeting, petitioners are entitled to examine those persons present at the meeting as to matters which are not protected by the attorney-client privilege, that is, the information presented by the deputy county attorney to the board concerning petitioners' claims and the board's instructions to the deputy county attorney concerning settlement.

In so holding, we express no opinion as to the merits of petitioners' claim of compliance with A.R.S. § 11–622, and our decision is limited to the issue of discovery. Additionally, because of our disposition, we do not address petitioner's claim that the executive sessions were held in violation of the open meeting law.

The order of the trial court is vacated and the cause is remanded for further proceedings consistent with this opinion.

FERNANDEZ and ROLL, JJ., concur.