901 P.2d 1226

ARIZONA DEPARTMENT OF
ECONOMIC SECURITY,
Petitioner,

v.

The Honorable William J. O'NEIL, a
Judge for the Superior Court of the
State of Arizona, County of Pinal, Re-
spondent,

and

PHOENIX NEWSPAPERS, INC.,
Real Party in Interest.

No. 2 CA–SA 95–0035.

Court of Appeals of Arizona,
Division 2, Department B.

May 11, 1995.

Review Denied Sept. 12, 1995.

Grant Woods, Atty. Gen. by Virginia L.
Richter, Phoenix, for petitioner.

Morrison & Hecker by James F.
Henderson and Patricia A. Sallen, Phoenix,
for real party in interest.

## OPINION

DRUKE, Chief Judge.

In this special action, the Arizona Depart-
ment of Economic Security (DES) challenges
the respondent judge's order requiring it to
disclose to real party in interest Phoenix
Newspapers, Inc. (PNI) all information relat-
ing to a Pinal County juvenile dependency
proceeding, including that which may be pro-
tected by the attorney-client privilege. Be-
cause DES has no equally plain, speedy, and
adequate remedy by appeal, Rules 1 and 3,
Ariz. R.P. Spec. Action, 17B A.R.S., we previ-
ously accepted jurisdiction and granted re-
lief, with an opinion to follow. This is that
opinion.

PNI filed a petition in Maricopa County
pursuant to A.R.S. § 8–546.07 seeking the
release of "any information and records re-
garding" a 14–year–old girl who was the
subject of a dependency proceeding. The
child had been taken from the custody of her
legal guardians by Child Protective Services
(CPS), placed in foster care, and then placed
in the custody of an older sibling. She later
committed suicide. In its petition, PNI
sought all information regarding all persons
who had had physical or legal custody of the
child, "and the substance and results of any
CPS investigation into the circumstances of
her death." PNI acknowledged that the in-
formation it sought was confidential under
A.R.S. § 8–546.07, but nonetheless argued

that release was appropriate under § 8–546.07(E), which provides for a balancing by the court of

> the rights of the parties entitled to confidentiality pursuant to this section against the rights of the parties seeking release of the information. The potential benefit or harm from releasing the information sought shall be considered. The court may release otherwise confidential information only where the right of the parties seeking the information and any benefits from releasing the information sought outweighs the rights of the parties entitled to confidentiality and any harm that may result from releasing the information sought. The court may require the department to submit the requested information to the court for an in camera inspection....

DES responded that it did not object to the release if proper under § 8–546.07(E), but asked that anything protected by the attorney-client privilege be redacted. The court reviewed the file in camera, found that the records were confidential and, after conducting the required balancing, ordered DES to produce the information subject to certain limitations, none of which pertained to information protected by the attorney-client privilege.

■ DES moved for clarification regarding the privilege issue. After considering the parties' memoranda on the issue, the court denied DES's motion, ruling "that the balance in this case must be weighed in favor of releasing information that has been argued to be attorney/client privileged." This special action followed, raising the issue of whether the balancing prescribed by § 8–546.07(E) encompasses, abrogates, or alters that privilege. We conclude that it does not.

Section 8–546.07(A) creates a right of privacy in "[a] person who is the subject of an investigation under this article, the alleged victim and the alleged victim's siblings." This statute creates a right of privacy that would not otherwise exist for these individuals. Their privacy is protected by subsection B of the statute, which renders confidential any information about them in the possession of DES. That confidentiality is preserved by limiting access to the information to those persons or entities specifically set forth in

subsections C and D or, as in this case, by requiring a court order pursuant to subsection E. The language in subsection E, however, neither expressly nor impliedly provides that the court can order, in addition to confidential information, the release of information protected by a privilege. Subsection E, by its terms, provides an exception only to the right of confidentiality created by the statute and does not address the applicability of any privilege.

In contrast, § 8–546.04 addresses the issue of privileged, as opposed to confidential, communications and provides that such privileges as the physician-patient and husband-wife privilege are unavailable in cases involving dependent children, but specifically exempts the attorney-client privilege. Given the legislature's apparent ability to deal with the matter explicitly when it so chooses, we are disinclined to infer any abrogation of the attorney-client privilege from statutory language that does not even include the phrase.

PNI does not dispute that an attorney-client relationship exists between DES and the attorney general, *see State ex rel. Babbitt v. Arnold,* 26 Ariz.App. 333, 548 P.2d 426 (1976), or that the attorney-client privilege may apply to some of the information it seeks. Rather, PNI contends that all the information is subject to balancing under § 8–546.07(E), relying on this court's decision in *Gipson v. Bean,* 156 Ariz. 478, 753 P.2d 168 (App.1987). That decision, however, supports our conclusion to the contrary. In *Gipson,* we held that one of two sets of minutes from an executive session of the county board of supervisors was not discoverable because the minutes involved "matters protected by the attorney-client privilege and should not be disclosed." *Id.* at 482, 753 P.2d at 172. Although we cited *Hanson v. Rowe,* 18 Ariz.App. 131, 500 P.2d 916 (1972), for the proposition that "the granting or withholding of any privilege requires a balancing of competing policies," 156 Ariz. at 482, 753 P.2d at 172, the only privilege at issue in *Hanson* was the governmental privilege, not the attorney-client privilege.

In further support of its argument, PNI cites *Babbitt* and *Mathews v. Pyle,* 75 Ariz. 76, 251 P.2d 893 (1952). PNI's reliance on both cases is misplaced. In *Babbitt,* an ac-

tion by the state against funeral homes for price-fixing, this court explored the nature of the attorney-client relationship between the attorney general, the state, and Pima County. After deciding that such a relationship existed and that the resulting privilege had not been waived, this court held that the trial court abused its discretion in ordering disclosure without first inspecting the document to determine whether the privilege actually applied.

*Mathews v. Pyle*, discussed in *Babbitt*, addressed the nature and scope of public records (records of the governor's office) and the public's right to disclosure. Although the attorney-client privilege was not directly in issue, our supreme court implicitly recognized the distinction between information which is privileged and information which may be disclosed after a consideration of competing interests. The court stated that while disclosure is ultimately a matter for the courts of this state to decide, "[t]he Governor should be given the authority to deny in the first instance the right of inspection if he thinks that the document is privileged or confidential, or if he thinks that it would be detrimental to the interests of the state to permit its contents to be known either to newspaper editors or other citizens." 75 Ariz. at 81, 251 P.2d at 896 (1952).

■ We therefore conclude that because the relationship between DES and the Arizona Attorney General is one of attorney and client, their communications are protected by the attorney-client privilege, and that protection is not subject to the balancing prescribed by A.R.S. § 8–546.07(E). That both are governmental agencies neither alters the nature of the relationship nor the level of protection.

Accordingly, the respondent judge's orders requiring DES to disclose all information pertaining to this juvenile matter are vacated and the matter is remanded with instructions that the respondent judge review the information in camera, redact that which is protected by the attorney-client privilege, and order the remaining information released to PNI.

ESPINOSA, P.J., and HATHAWAY, J., concur.